NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST HANES and OKHOO HANES, | No.  14-16722 |
| Plaintiffs-counter-defendants-Appellants, | D.C. No. 3:12-cv-05410-SI |
| v. | MEMORANDUM[*] |
| ARMED FORCES INSURANCE EXCHANGE, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,[**] District Judge.

Ernest and Okhoo Hanes appeal the district court's orders granting partial

summary judgment to Armed Forces Insurance Exchange (AFI), which had issued

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

the Haneses a homeowners' insurance policy. The district court held that AFI was not liable for a judgment against the Haneses in a third-party lawsuit filed by the Haneses' neighbors, the Bishops. The district court also held that AFI was entitled to reimbursement of some costs it incurred while defending the Haneses under a reservation of rights. We affirm in part and reverse in part.

### 1. The Duty to Indemnify

AFI is entitled to summary judgment on the Haneses' claim for indemnification of the state-court judgment that required the Haneses to pay the Bishops' attorneys' fees and other litigation expenses. The state trial court found that the Haneses were motivated by personal animus and had attempted to frustrate all efforts to resolve the dispute with the Bishops. Under both California statutory law and the insurance policy's exclusions, AFI has no liability for the consequences of such willful conduct. *See* Cal. Ins. Code § 533; *see also Combs v. State Farm Fire & Cas. Co.*, 49 Cal. Rptr. 3d 917, 922–23 (Cal. Ct. App. 2006) (applying California Insurance Code section 533 to a supplemental coverages provision and an attorneys' fee award). Nor can AFI be liable for the Haneses' costs in complying with the state court's injunction. *See Cutler-Orosi Unified Sch.*

*Dist. v. Tulare Cty. Sch. etc. Auth.*, 37 Cal. Rptr. 2d 106, 111–14 (Cal. Ct. App. 1994).

AFI is also entitled to summary judgment to the extent the Haneses argue that it must indemnify them for the results of the mediation with the Bishops before the trial in state court. The Haneses have not identified a claim they were made to pay as a result of that mediation.

The district court's orders are affirmed in these respects. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014) ("We may affirm a grant of summary judgment on any ground supported by the record, even one not relied upon by the district court.").

**2. The Duty to Defend**

Although AFI has no duty to indemnify the Haneses, it had a duty to defend them throughout the trial in state court and until the deadline for their opponents' appeal had passed. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) ("[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement.").

The Haneses' willfulness cannot have absolved AFI of its duty to defend them because their intent was disputed throughout the litigation. *See, e.g., State Farm Gen. Ins. Co. v. Mintarsih*, 95 Cal. Rptr. 3d 845, 854 n.6 (Cal. Ct. App. 2009) (noting that factual disputes material to coverage do not relieve an insurer of its duty to defend). Nor did the Bishops' interrogatory responses demonstrate that their lawsuit raised no potentially covered claims. Under California law, interrogatory responses are not judicial admissions, but evidentiary admissions, and may be contradicted. *See, e.g. Phillips v. Cooper Labs.*, 264 Cal. Rptr. 311, 318–19 (Cal. Ct. App. 1989). Moreover, the state court understood the Bishops to assert claims for damages throughout the case, including at trial; only after the trial were these claims dismissed. Thus AFI could not have known whether the Bishops advanced a potentially covered claim until the appeal deadline had passed without the Bishops appealing the dismissal of their claims for damages. The district court's order is reversed in this respect.

The district court's order is affirmed, however, inasmuch as it held that AFI had no duty to defend the Haneses in the pre-suit mediation. The Bishops' mediation demand raised no potentially covered claims. They demanded action, not damages. Likewise AFI had no duty to fund the Haneses' state-court appeal.

4

Before that appeal was litigated, the state trial court had dismissed the Bishops' potentially covered claims, and the Bishops did not challenge that decision.

* * *

The district court's orders are **AFFIRMED** to the extent AFI was granted summary judgment on the Haneses' claims for indemnification. The district court's orders are **REVERSED IN PART** to the extent AFI was awarded a reimbursement of defense costs. The matter is accordingly **REMANDED** for the entry of judgment consistent with the discussion above. The parties shall bear their own costs on appeal.